UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAZARO DIAZ MARTINEZ,

Petitioner,

v.

CENTRAL VALLEY ANNEX, *et al.*,

Respondents.

Case No. 1:26-cv-05649 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Lazaro Diaz Martinez is noncitizen currently detained at the Central Valley Annex detention facility. In his petition for writ of habeas corpus, he alleges that his detention is unlawful because there is no likelihood of his removal in the reasonably foreseeable future. Dkt. No. 1 at 6. After receiving initial briefing on the petition, the Court issued an order to show cause directing Respondents to address whether any provision of law or fact in this case would distinguish it from several cited prior cases where this Court and others found that a Cuban national subject to a final removal order was entitled to release. Dkt. No. 10 (citing *Suarez v. Chestnut*, No. 1:26-CV-05147 (EJD), 2026 WL 2547116 (E.D. Cal. Aug. 28, 2026); *Garcia v. Warden*, No. 1:26-CV-04659-DJC-JDP, 2026 WL 2254380 (E.D. Cal. Aug. 4, 2026)).

Petitioner alleges the following in his petition. He was ordered removed to Cuba on May 18, 2026, and claims that Cuba has refused his repatriation. Dkt. No. 1 at 3, 6; Dkt. No. 6-4 at 1. Respondents contend that they are attempting to remove Petitioner to Mexico, but that removal to that country requires Petitioner's consent. Dkt. No. 6 at 3; Dkt. No. 11 at 2–3. They also note that Petitioner has a criminal record. *See* Dkt. No. 6-3. Indeed, he came to the attention of ICE after the Brevard County Sheriff's Office arrested Petitioner for a probation violation. Dkt. No. 6-2 at 2. However, Respondents have not argued that Petitioner's criminal record justifies his continued detention.



United States District Court
Eastern District of California

Respondents filed a timely response to the Court's order to show cause, stating that this case is distinguishable from *Suarez v. Chestnut* and *Garcia v. Warden* because neither of the cited orders are controlling authority. Dkt. No. 11 at 2. Respondents also argue that Petitioner's removal to Mexico is "reasonably foreseeable" pending his cooperation. *Id*. at 2–4.

Pursuant to the reasoning in *Suarez v. Chestnut* and *Garcia v. Warden*, Petitioner is entitled to relief on his due process claim. As Petitioner has been detained for over six months, his detention under 8 U.S.C. § 1231(a)(6) has surpassed the presumptive ceiling the Supreme Court has deemed reasonable. *Zadvydas v. Davis*, 533 U.S. 689 (2001). The Court disagrees with Respondents' assertion that continued detention is constitutional under *Zadvydas v. Davis* because Petitioner's removal is foreseeable. *See* Dkt. No. 11 at 2–4. Petitioner has been detained while subject to a final removal order for over six months, Cuba has not accepted his repatriation, and he does not consent to removal to Mexico. This case then is materially indistinguishable from the Court's prior decisions in *Suarez v. Chestnut* and *Garcia v. Warden* which all concerned Cuban nationals with final removal orders detained under 8 U.S.C. § 1231 for over six months to effectuate their removal to Mexico despite their non-consent to that removal. The Court, therefore, resolves the case on the same basis and concludes that Petitioner's removal is not reasonably foreseeable.

Accordingly, the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to release Petitioner from detention on appropriate conditions of supervision, in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. The ruling is stayed for 14 days to give Respondents the opportunity to return Petitioner to the custody of local law enforcement if appropriate.

**IT IS SO ORDERED.**

Dated: November 23, 2026

EDWARD J. DAVILA
United States District Judge